MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------X
JORGE MANUEL AUCACAMA, *individually and on behalf of others similarly situated,*

                *Plaintiff*,

         -against-

CP PRINCE ST LLC (D/B/A COCO PAZZO), ALESSANDRO BANDINI, PINO DOE, JOSEPH ESSA, and GIUSEPPE LOUNGO,

                *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

      Plaintiff Jorge Manuel Aucacama ("Plaintiff Aucacama" or "Mr. Aucacama"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against CP Prince St LLC (d/b/a Coco Pazzo), ("Defendant Corporation"), Alessandro Bandini, Pino Doe, Joseph Essa, and Giuseppe Loungo, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

      1.    Plaintiff Aucacama is a former employee of Defendants CP Prince St LLC (d/b/a Coco Pazzo), Alessandro Bandini, Pino Doe, Joseph Essa, and Giuseppe Loungo.

      2.    Defendants own, operate, or control an Italian restaurant, located at 160 Prince Street, New York, NY 10012 under the name "Coco Pazzo".

3. Upon information and belief, individual Defendants Alessandro Bandini, Pino Doe, Joseph Essa, and Giuseppe Loungo, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4. Plaintiff Aucacama was employed as a dishwasher and a cleaner at the restaurant located at 160 Prince Street, New York, NY 10012.

5. At all times relevant to this Complaint, Plaintiff Aucacama worked for Defendants in excess of 40 hours per week, without appropriate overtime and spread of hours compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Aucacama appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Further, Defendants failed to pay Plaintiff Aucacama the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8. Furthermore, Defendants repeatedly failed to pay Plaintiff Aucacama wages on a timely basis.

9. Defendants' conduct extended beyond Plaintiff Aucacama to all other similarly situated employees.

10. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Aucacama and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

11. Plaintiff Aucacama now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12. Plaintiff Aucacama seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Aucacama's state law claims under 28 U.S.C. § 1367(a).

14. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an Italian restaurant located in this district. Further, Plaintiff Aucacama was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15. Plaintiff Jorge Manuel Aucacama ("Plaintiff Aucacama" or "Mr. Aucacama") is an adult individual residing in Kings County, New York.

16. Plaintiff Aucacama was employed by Defendants at Coco Pazzo from approximately April 2018 until on or about April 27, 2019.

17. Plaintiff Aucacama consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18. At all relevant times, Defendants owned, operated, or controlled an Italian restaurant, located at 160 Prince Street, New York, NY 10012 under the name "Coco Pazzo".

19. Upon information and belief, CP Prince St LLC (d/b/a Coco Pazzo) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 160 Prince Street, New York, NY 10012.

20. Defendant Alessandro Bandini is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Alessandro Bandini is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Alessandro Bandini possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Aucacama, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21. Defendant Pino Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Pino Doe is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Pino Doe possesses operational control over Defendant Corporation, an ownership interest in Defendant

Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Aucacama, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22. Defendant Joseph Essa is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Joseph Essa is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Joseph Essa possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Aucacama, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

23. Defendant Giuseppe Loungo is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Giuseppe Loungo is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Giuseppe Loungo possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Aucacama, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

24. Defendants operate an Italian restaurant located in the Soho section of Manhattan in New York City.

25. Individual Defendants, Alessandro Bandini, Pino Doe, Joseph Essa, and Giuseppe Loungo, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

26. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

27. Each Defendant possessed substantial control over Plaintiff Aucacama's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Aucacama, and all similarly situated individuals, referred to herein.

28. Defendants jointly employed Plaintiff Aucacama (and all similarly situated employees) and are Plaintiff Aucacama's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

29. In the alternative, Defendants constitute a single employer of Plaintiff Aucacama and/or similarly situated individuals.

30. Upon information and belief, Individual Defendants Alessandro Bandini, Pino Doe, Joseph Essa, and Giuseppe Loungo operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

31. At all relevant times, Defendants were Plaintiff Aucacama's employers within the meaning of the FLSA and New York Labor Law.

32. Defendants had the power to hire and fire Plaintiff Aucacama, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Aucacama's services.

33. In each year from 2018 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

35. Plaintiff Aucacama is a former employee of Defendants who was employed as a dishwasher and a cleaner.

36. Plaintiff Aucacama seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Jorge Manuel Aucacama*

37. Plaintiff Aucacama was employed by Defendants from approximately April 2018 until on or about April 27, 2019.

38. Defendants employed Plaintiff Aucacama as a dishwasher and a cleaner.

39. Plaintiff Aucacama regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

40. Plaintiff Aucacama's work duties required neither discretion nor independent judgment.

41. Throughout his employment with Defendants, Plaintiff Aucacama regularly worked in excess of 40 hours per week.

42. From approximately April 2018 until on or about December 2018, Plaintiff Aucacama worked from approximately 5:00 a.m. until on or about 4:00 p.m., 6 days a week and from approximately 5:00 a.m. until on or about 9:00 a.m., 1 day a week (typically 70 hours per week).

43. From approximately January 2019 until on or about February 2019, Plaintiff Aucacama worked from approximately 5:00 a.m. until on or about 3:00 p.m., 6 days a week and from approximately 5:00 a.m. until on or about 9:00 a.m., 1 day a week (typically 64 hours per week).

44. From approximately March 2019 until on or about April 27, 2019, Plaintiff Aucacama worked from approximately 5:00 a.m. until on or about 3:00 p.m., 6 days a week (typically 60 hours per week).

45. Throughout his employment, Defendants paid Plaintiff Aucacama his wages in a combination of checks and cash.

46. From approximately April 2018 until on or about December 2018, Defendants paid Plaintiff Aucacama $13.00 per hour.

47. From approximately January 2019 until on or about April 27, 2019, Defendants paid Plaintiff Aucacama $15.00 per hour.

48. Defendants never granted Plaintiff Aucacama any breaks or meal periods of any kind.

49. Nevertheless, Defendants deducted 3 hours for approximately 4 months from Plaintiff Aucacama's weekly paycheck for meal breaks he never took.

50. Although Plaintiff Aucacama was required to keep track of his time, Defendants required him to record fewer hours than he actually worked.

51. Specifically, defendants only permitted plaintiff Aucacama to punch in 2 hours after he started working and did not permit him to punch in or out when he worked four hours on Saturday mornings. As a result, Plaintiff Aucacama was not accurately compensated for all of the hours that he worked.

52. Defendants did not provide Plaintiff Aucacama an accurate statement of wages, as required by NYLL 195(3).

53. In fact, Defendants adjusted Plaintiff Aucacama's paystubs so that they reflected inaccurate wages and hours worked.

54. Defendants did not give any notice to Plaintiff Aucacama, in English and in Spanish (Plaintiff Aucacama's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

55. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Aucacama (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate spread of hours pay and overtime compensation as required by federal and state laws.

56. Plaintiff Aucacama was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

57. Defendants' time keeping system did not reflect the actual hours that Plaintiff Aucacama worked.

58. Defendants paid Plaintiff Aucacama his wages in a combination of checks and cash.

59. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

60. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Aucacama (and similarly situated individuals) worked, and to avoid paying Plaintiff Aucacama properly for his full hours worked.

61. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

62. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Aucacama and other similarly situated former workers.

63. Defendants failed to provide Plaintiff Aucacama and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

64. Defendants failed to provide Plaintiff Aucacama and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a

mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

65. Plaintiff Aucacama brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

66. At all relevant times, Plaintiff Aucacama and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek and willfully failing to keep records, as required under the FLSA.

67. The claims of Plaintiff Aucacama stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

68. Plaintiff Aucacama repeats and realleges all paragraphs above as though fully set forth herein.

69. At all times relevant to this action, Defendants were Plaintiff Aucacama's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d).

70. Defendants had the power to hire and fire Plaintiff Aucacama (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

71. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

72. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

73. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Aucacama (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

74. Defendants' failure to pay Plaintiff Aucacama (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

75. Plaintiff Aucacama (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

76. Plaintiff Aucacama repeats and realleges all paragraphs above as though fully set forth herein.

77. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Aucacama overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

78. Defendants' failure to pay Plaintiff Aucacama overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

79. Plaintiff Aucacama was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

80. Plaintiff Aucacama repeats and realleges all paragraphs above as though fully set forth herein.

81. Defendants failed to pay Plaintiff Aucacama one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Aucacama's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

82. Defendants' failure to pay Plaintiff Aucacama an additional hour's pay for each day PlaintiffAucacama's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

83. Plaintiff Aucacama was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

84. Plaintiff Aucacama repeats and realleges all paragraphs above as though fully set forth herein.

85. Defendants failed to provide Plaintiff Aucacama with a written notice, in English and in Spanish (Plaintiff Aucacama's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances,

if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

86. Defendants are liable to Plaintiff Aucacama in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

87. Plaintiff Aucacama repeats and realleges all paragraphs above as though fully set forth herein.

88. With each payment of wages, Defendants failed to provide Plaintiff Aucacama with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

89. Defendants are liable to Plaintiff Aucacama in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

## OF THE NEW YORK LABOR LAW

90. Plaintiff Aucacama repeats and realleges all paragraphs above as though fully set forth herein.

91. At all relevant times, Defendants were Plaintiff Aucacama's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

92. Defendants made unlawful deductions from Plaintiff Aucacama's wages including, but not limited to, deductions for meal breaks he never took.

93. The deductions made from Plaintiff Aucacama's wages was not authorized or required by law.

94. Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Aucacama's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

95. Plaintiff Aucacama was damaged in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

96. Plaintiff Aucacama repeats and realleges all paragraphs above as though set forth fully herein.

97. Defendants did not pay Plaintiff Aucacama on a regular weekly basis, in violation of NYLL §191.

98. Defendants are liable to Plaintiff Aucacama in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Aucacama respectfully requests that this Court enter judgment against Defendants by:

(a)　Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)　Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Aucacama and the FLSA Class members;

(c)　Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Aucacama's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)　Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Aucacama and the FLSA Class members;

(e)　Awarding Plaintiff Aucacama and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)　Awarding Plaintiff Aucacama and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Aucacama;

(h) Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Aucacama;

(i) Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Aucacama;

(j) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Aucacama's compensation, hours, wages and any deductions or credits taken against wages;

(k) Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Aucacama;

(l) Awarding Plaintiff Aucacama damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(m) Awarding Plaintiff Aucacama damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n) Awarding Plaintiff Aucacama liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o) Awarding Plaintiff Aucacama and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p) Awarding Plaintiff Aucacama and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Aucacama demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
May 9, 2019

                 MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    /s/ Michael Faillace
    Michael Faillace [MF-8436]
    60 East 42nd Street, Suite 4510
    New York, New York 10165
    Telephone: (212) 317-1200
    Facsimile: (212) 317-1620
    *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

May 6, 2019

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:             Jorge Manuel Aucacama

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:           *Jorge M Aucacama*

Date / Fecha:               6 de mayo 2019

*Certified as a minority-owned business in the State of New York*