USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___5/5/2020___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------- X

JORGE MANUEL AUCACAMA, individually : and on behalf of others similarly situated, :
:
Plaintiff,                 :          19-CV-4245 (VEC)
:
-against-             :               ORDER
:
CP PRINCE ST LLC (D/B/A COCO PAZZO), :
ALESSANDRO BANDINI, PINO DOE,        :
JOSEPH ESSA, and GIUSEPPE LOUNGO,    :
:
Defendants. :

----------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS counsel for the parties submitted a proposed settlement agreement and supporting letter and documentation (Dkt. 35) for the Court's approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015);

WHEREAS the proposed settlement provides for a total recovery of $22,000, with a third of the recovery apportioned to Plaintiff's counsel (Letter at 2 & Ex. A ¶ 1);

WHEREAS Plaintiff estimates that he is owed approximately $9,855 in unpaid wages and overtime and that his claims, assuming a full recovery, are valued at approximately $37,191 (Letter at 2 & Ex. B);

WHEREAS the Court finds that counsel's hourly rates are unreasonable (Letter at 2–3 & Ex. C) and that the following hourly rates would be reasonable: $400 for Michael Faillace, $275 for Finn Dusenbery and Jesse Barton, and $100 for a paralegal, *see, e.g.*, *Montes v. 11 Hanover Grp. LLC*, No. 17-CV-09376, 2019 WL 4392516, at *2 (S.D.N.Y. Sept. 12, 2019); *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17-CV-3302, 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019);

WHEREAS the Court finds that the number of hours counsel expended in bringing and settling this case are generally reasonable, if a little on the high side for routine matters (e.g., 2.7 hours of a senior attorney's time to draft a routine, cookie-cutter FLSA complaint);

WHEREAS counsel's award ($7,333.33) under the proposed settlement is approximately 2.5 times the lodestar based on counsel's time entries and the Court-determined reasonable hourly rates for counsel's work;

WHEREAS the Court finds that a 2.5 lodestar multiplier is on the upper end of what is reasonable considering the risks counsel undertook with a contingent fee arrangement and the minimal complexity of this case, *see Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) ("[A] multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases.");

WHEREAS the factors counselling approval of the attorneys' fees also include the quality of representation and recovery obtained, *see Lizondro-Garcia v. Kefi LLC*, No. 12-CV-1906, 2015 WL 4006896, at *11 (S.D.N.Y. July 1, 2015); and

WHEREAS the Court finds that the lodestar multiplier and a one-third contingency fee are reasonable because the result in this case was excellent, with the Plaintiff recovering approximately double his actual damages, and because counsel bear the added cost of recovering fees over a six-month pay-out period;

IT IS HEREBY ORDERED that the proposed settlement agreement is approved as fair and reasonable.  The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

Date:  **May 5, 2020**
       **New York, NY**

**VALERIE CAPRONI**
**United States District Judge**